[Shiretzki, *et al.* v. Julius Kessler & Co.]

# Shiretzki *et al. v.* Julius Kessler & Co.

*Action Upon a Promissory Note.*

1. *Action upon Note; Sufficiency of Plea Setting up Fraudulent Misrepresentation and Failure of Consideration.*—In an action upon a promissory note, where the defendant, by special plea, avers that the note was given for the purchase price of certain whiskey sold by plaintiff to the defendant, who was in the retail liquor business; that said sale was made through plaintiff's agent who represented to the defendant that he knew what kind of whiskey the defendant's trade would purchase; that the whiskey he proposed to sell to him would meet the demands of the defendant's trade; that the defendant did not know the character of the whiskey proposed to be sold, but relying entirely upon the representation of plaintiff's agent, purchased the whiskey and gave the note sued on, and that said representations of plaintiff's agent were false; that the whiskey which was delivered under said purchase did not meet the wants of defendant's trade, as stated by said agent; that the defendant was unable to sell the same, and that therefore the consideration for which the note was given had failed,—such plea is insufficient as setting up fraudulent misrepresentation, or as presenting the defense of a failure of consideration.

2. *Same; Sufficiency of Replication to Plea Setting up Void Contract.*—In an action upon a promissory note, where the defendant by special plea, sets up the defense that the note sued on was an Alabama contract, and was given for the purchase of whiskey, and that the same was void, for the reason the plaintiff had not paid for and obtained a license as required by law, a replication to such plea which alleges in substance that the whiskey when sold by plaintiff's agent, was not in the State of Alabama, but was in the State of Kentucky, and was to be delivered to the defendant in that state some time in the future, is a sufficient reply to said plea, and shows that said transaction was not in violation of the statute which provides that all sales of liquor are void if the seller has not taken out a license (Code § 3524.)

APPEAL from Calhoun Circuit Court.

Tried before the HON. JOHN PELHAM.

This was an action brought by the appellee, Julius Kessler & Company, a corporation, against the appel-

lant, M. Shiretzki, and sought to recover $100.00 alleged to be due the plaintiff by the defendant on a promissory note. The defendant pleaded the general issue, payment, a want of consideration, and the following special pleas:

"4. For further plea, defendant says, that the said alleged note was given for the purchase price of certain whiskey, which the defendant agreed to purchase from the plaintiff upon terms, etc., as follows: That defendant is engaged in the retail liquor business, and was desirous of purchasing a supply of liquors for sale in his business. That the said plaintiff's agent represented himself as knowing what defendant's trade would purchase, and stated that the whiskey which he had would meet the wants of the defendant's trade. Defendant did not know what said whiskey was, but relying solely and entirely upon the representation of plaintiff's salesman that his whiskey would meet the requirements of defendant's trade, defendant agreed to purchase some and gave his notes therefor, one of which is the note in suit. That the said representation of plaintiff's salesman as to the suitableness of said whiskey for defendant was false. Defendant has tried in all legitimate ways to dispose of the said whiskey to his trade, (a small part of the lot he agreed to purchase only has been shipped to defendant), and has failed to sell or dispose of the same. That the said whiskey does not meet the wants of defendant's trade as was stated by plaintiff's said agent, and which statement defendant relied on in making such purchase. Wherefore defendant avers that the consideration for which said note was given has failed.

"5. For further answer to the complaint defendant says, that the said alleged note was made in Alabama for the purchase price of a lot of whiskey. That the contract for the purchase of said whiskey was made in Alabama. That the said plaintiff had not taken out and paid for a license to sell whiskey in Alabama, and had no license for selling liquor in Alabama. Wherefore defendant says that the said contract for the sale of said liquor and the said note are void."

To the 4th special plea the plaintiff demurred, among others, upon the following grounds: 1. For that it does not appear but that the whiskey which is alleged in said plea to have been bought by the defendant from the plain-

tiff was not worth the price paid for the same. 2. For that it does not appear from said plea that there was any warranty as to the quality or suitableness of the whiskey alleged to have been bought by the defendant from the plaintiff. 3. For that it appears from said plea that said representations were merely the opinion of the said alleged agent of plaintiff. The plaintiff also demurred to the 5th special plea. The demurer to the 4th special plea was sustained, and the demurrer to the 5th special plea was overruled. Thereupon the plaintiff filed the following special replication to the 5th plea: "Now comes plaintiff and replies to defendant's plea No. 5, and says, that the note sued on was for the purchase price of whiskey to be delivered by plaintiffs to defendant in the future in the State of Kentucky. That plaintiffs are wholesale liquor dealers and distillers, doing business in the state of Illinois, and that said liquor, when sold to defendant was not in the state of Alabama, but was in the state of Kentucky, and plaintiffs were not engaged as liquor dealers in the state of Alabama." To the plaintiff's special replication, the defendant demurred upon the following grounds: 1. The said replication contains no sufficient statement of facts to be an answer to the said plea. 2. The fact alleged in the plea, that the liquor was in Kentucky at the time alleged, does not relieve the plaintiff of the duty to take out a license to sell or dispose of the same in Alabama. This demurrer was overruled.

Upon the trial of the case, there were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the ruling of the trial court in sustaining the plaintiff's demurrer to the 4th plea and in overruling defendant's demurrer to plaintiff's replication to the 5th plea.

CALDWELL & JOHNSTON, for appellants.—The 4th plea showed a false representation by the plaintiff's agent, and presented a sufficient defense, both for this reason and because it showed a failure of consideration.—*McKenzie v. Weineman,* 116 Ala. 194; *Steen v. Sanders,* 116 Ala. 155; *Moore v. Barber Co.,* 118 Ala. 563; *Blackman v. Johnson,* 35 Ala. 252; *Egon v. Johnson,* 82 Ala. 237; *Rice v. Gilbrath,* 119 Ala. 424.

The 5th plea set up a valid defense, and the replication was no answer thereto.—*Woods v. Armstrong,* 54 Ala. 150; *Pacific C. Co. v. Dankes,* 57 Ala. 115; *Pacific G. Co. v. Mull,* 66 Ala. 582; *Stallings v. Lee,* 123 Ala. 464; *Moog. v. State,* 93 Ala. 503.

BLACKWELL & AGEE, for appellee.

DOWDELL, J.—The 4th plea of the defendant was subject to the demurrer interposed to it. The alleged fraudulent misrepresentations set up in the plea as having been made by plaintiff's agent, cannot be considered as anything more than the expression of the agent's opinion. It is insisted that the plea is good as setting up the defense of a failure of consideration, but we think it is faulty and defective as such. It admits that the note sued on was given for whisky sold by plaintiffs to the defendant. The consideration was the whisky sold and purchased, and it is not denied that it had value. The fact that it was not such as to meet the demands of the defendant's trade, as represented by the plaintiff's agent it would do, would not amount to a failure of consideration. There was no error in sustaining the demurrer to this plea. The 5th plea alleged that the note sued on was an Alabama contract, and was given for the purchase price of whisky, and that the same was void for the reason that the plaintiff had not paid for and obtained a license for the sale of whisky as required by law. The plaintiffs replied to this plea, in substance, that the whisky when sold was not in the state of Alabama, but was in the state of Kentucky, and was to be delivered to the defendant in the future in that state. The defendant demurred to the replication and the demurrer was overruled.

Section 3524 of the code of 1896, provides, "All sales, or contracts or agreements to sell or exchange spirituous, vinous or malt liquors, are void, if the seller or party making the exchange has not a license authorizing him to engage in business as a retailer or wholesale dealer."

This statute has no application to a sale of, or contract to sell, spirituous liquors, under the facts set forth in plaintiff's replication to defendant's plea. The demurrer to the replication was, therefore, properly overruled. We

find no error in the record, and the judgment appealed from must be affirmed.

Affirmed.